IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; IMAGE-BASED SURGICENTER CORPORATION, a California corporation; and AARON G. FILLER,<br><br>    Plaintiffs,<br><br>vs.<br><br>HITACHI MEDICAL SYSTEMS AMERICA, INC., a Delaware corporation; and HITACHI MEDICAL CORPORATION, a Japanese corporation,<br><br>    Defendants. | Civil Action No. |

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC"), and Aaron G. Filler ("Dr. Filler") (collectively, "Plaintiffs") allege as follows:

**PARTIES**

1. Plaintiff NeuroGrafix is a California corporation, founded in 1998, with its principal place of business located in Los Angeles County at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

2. Plaintiff NIMA is a California corporation, founded in 1998, with its principal place of business in Los Angeles County at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

1

3. Plaintiff IBSC is a California corporation, founded in 2005, with its principal place of business in Los Angeles County at 2716 Ocean Park Boulevard, Suite 1007, Santa Monica, California 90405.

4. Plaintiff Dr. Filler with his principal place of business in Los Angeles County at 2716 Ocean Park Boulevard, Suite 3082, Santa Monica, California 90405 is a citizen of California and an inventor and owner of United States Patent No. 5,560,360.

5. On information and belief, Defendant Hitachi Medical Systems America, Inc. ("HMSA") is a Delaware corporation with a principal place of business located at 1959 Summit Commerce Park, Twinsburg, Ohio 44087.

6. On information and belief, Defendant Hitachi Medical Corporation ("HMC") is a Japanese corporation with its principal place of business located at Akihabara UDX, 4-14-1, Soto-Kanda, Chiyoda, Tokyo, 101-0021, Japan.

7. HMSA and HMC are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

8. This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

9. This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

**BACKGROUND**

11. The invention at issue in this action is a major transformative advance in medical science. It provides for modifications in the systems and methods of magnetic resonance imaging ("MRI") that have made it possible to see the nerves of the body and the internal tracts of the brain. These technologies are now commonly called Magnetic Resonance Neurography ("MRN") and "Diffusion Tensor Imaging" ("DTI"). Presently, MRN and DTI—as disclosed in the '360 Patent—are used throughout the world and have played a critical role in saving many lives and relieving many patients of their pain and disability.

12. The first inventor and current owner of the patent—Dr. Aaron G. Filler—actively practices this patent through plaintiffs NeuroGrafix, NIMA and IBSC and has done so together with one or more of these co-plaintiff entities continuously since 1998. Licenses under the patent have been granted to Siemens Aktiengesellschaft, Koninklijke Philips N.V., General Electric Company, and Medtronic Inc.

13. Until December 17, 2013, the University of Washington, a public institution of higher education in the state of Washington, was the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging." The '360 Patent issued on October 1, 1996. A true and correct copy of the '360 Patent is attached as Exhibit A.

14. Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, had substantially all rights in the '360 Patent since March 23, 1994. On December 17, 2013, the University of Washington assigned the '360 Patent to WRF.

15. On December 27, 2013, WRF assigned the '360 Patent to NeuroGrafix. NeuroGrafix then assigned the '360 Patent to Dr. Filler. Dr. Filler and NeuroGrafix then entered

3

into a Non-Terminable Exclusive License Agreement in which Dr. Filler granted an exclusive license in the '360 Patent to NeuroGrafix.

16. Prior to the assignment, on June 15, 2012, WRF and NeuroGrafix entered into an Amended and Restated Non-Terminable Exclusive License Agreement in which WRF granted NeuroGrafix an exclusive license to substantially all rights in the '360 Patent and retained no reversionary rights to the '360 Patent.

17. On September 14, 2011, NeuroGrafix and NIMA entered into an amended license agreement in which NIMA received the exclusive right to practice the '360 Patent in all fields of use, but granted back to NeuroGrafix an exclusive license to practice the '360 Patent in the field of use of non-human, non-surgical medicine. On September 14, 2011, NIMA and IBSC entered into an exclusive license agreement in which NIMA granted to IBSC an exclusive license to practice the '360 Patent in the field of human, surgical medicine. These agreements remained in effect after the December 27, 2013 assignment and license agreements.

18. Accordingly, as of the date of filing of this action, NeuroGrafix has an exclusive license to the '360 Patent in the field of use of non-human, non-surgical medicine, IBSC has an exclusive license in the field of use of human, surgical medicine, NIMA has an exclusive license in the field of use of human, nonsurgical medicine, and Aaron G. Filler, an individual, is the patent owner.

19. Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

20. NeuroGrafix and NIMA have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000, and ISBC has been investing in and practicing the technology disclosed in the '360 Patent since at least 2005.

21. In November 2008, NeuroGrafix contacted Defendants by email regarding the '360 Patent, as well as the Japanese counterpart to the '360 Patent (JP3457310). NeuroGrafix attached copies of the '360 Patent and the Japanese counterpart to the email. NeuroGrafix informed Defendants that licenses under the '360 Patent were available to MRI manufacturers for diffusion tensor imaging technologies.

## COUNT I
## PATENT INFRINGEMENT

22. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 21 above, inclusive, as if fully repeated and restated herein.

23. Defendants have directly (literally and under the doctrine of equivalents) infringed at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography. Such products include the Hitachi Oasis and Hitachi Echelon, and related workstations and software, such as TensorSuite and Diffusion TensorSuite. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

24. Defendants have also indirectly infringed, by way of inducing infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography that induce others to infringe at least claim 36 of the '360 Patent. Such products include the Hitachi Oasis and Hitachi Echelon, and related workstations and software,

5

such as TensorSuite and Diffusion TensorSuite. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induced its customers to directly infringe by inducing or encouraging the use of its products and software to perform DTI and diffusion anisotropy based tractography. Since at least 2008, and likely earlier, Defendants have had knowledge of the '360 Patent and that performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography would infringe the '360 Patent, and, by continuing the actions described above, has had the specific intent to, or should have known that its actions would, induce infringement of the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

25. Defendants have also indirectly infringed, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, software for use in systems that thereby fall within the scope of at least claim 36 of the '360 Patent. Such products include the Hitachi Oasis and Hitachi Echelon, and related workstations and software, such as TensorSuite and Diffusion TensorSuite. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography. Defendants' accused products and software are a material part of the invention, are especially made or especially adapted for use in the

infringement of '360 Patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Since at least 2008, and likely earlier, Defendants have had knowledge of the '360 Patent and have had the specific knowledge that the combination of their software and computer systems described above infringe the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and is thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

26. As a result of Defendants' use of the claimed invention after receiving notice of the '360 Patent, Defendants have willfully infringed the '360 Patent.

27. As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

3. An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiffs may show themselves to be entitled.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated January 6, 2015                                                   Respectfully submitted,

                                                          /s/ R. Eric Gaum

HAHN LOESER & PARKS LLP
R. Eric Gaum (0066573)
regaum@hahnlaw.com
Nathan B. Webb (0084506)
nbwebb@hahnlaw.com
One GOJO Plaza, Suite 300
Akron, Ohio 44311
Phone: (330) 864-5550
Fax: (330) 864-7986

HAHN LOESER & PARKS LLP
Charles W. Pugh (0078145)
cpugh@hahnlaw.com
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824

RUSS AUGUST & KABAT
Marc A. Fenster
mfenster@raklaw.com
Amir Naini
anaini@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Phone: (310) 826-7474
Fax: (310) 826-6991

*Attorneys for Plaintiffs,*
*Neurografix, Neurography Institute Medical*
*Associates, Inc., Image-Based Surgicenter*
*Corporation, and Aaron G. Filler*